Calvin, Surr.
[After stating the above facts.] —In Watson v. Nelson (69 N. Y. 536), it was held that for the enforcement of surrogates’ orders and decrees directing the payment of money, the only proceedings against the person which can be taken in surrogates’ courts were those authorized to be taken by the late court of chancery in analogous cases that is, if a final decree, an execution against the person; if an interlocutory order, a precept of commitment; and the only exception suggested to this rule is where the decree or order directs the payment to be made out of a specific fund.
Indeed it would seem to be self-evident that the representative of an estate cannot be guilty of a contempt of the decree or order of this court for non-pay *391 ment of a sum decreed, or ordered, unless it appear that he has the fund in hand, out of which, he could have paid. If he shall have misappropriated the trust funds before the decree or order, he may be charged therewith as funds in hand, yet his misappropriation was in contempt of no order of the court, however reprehensible in itself.
If petitioner shall be able to show that the executor actually and not constructively had sufficient funds in hand applicable to the payment of petitioner’s allowance at the date of decree, then he will have a prima facie case for attachment for contempt, and only then.
The motion must be denied.